1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   KAREN ULBRICHT, et al.,                    CASE NO. C20-0617JLR

11                          Plaintiffs,         ORDER CONSOLIDATING
                                                CASES
         v.
12

13   UNITED STATES FIDELITY AND
     GUARANTY COMPANY,
14
                             Defendant.
15

16                          I.    INTRODUCTION

17       Before the court is Defendant United States Fidelity and Guaranty Company's

18   ("USF&G") motion to consolidate the above-captioned action ("this action") with

19   *USF&G v. Ulbricht, et al.*, No. C20-0369JLR (W.D. Wash.) ("the declaratory judgment

     action") and dismiss this action.  (*See* Mot. (Dkt. #11); *see also* Reply (Dkt. #16).)
20
     Plaintiffs Karen Ulbricht, individually and as the personal representative of the estate of
21
     Robert Ulbricht; Heide L. Ulbricht; and Robert S. Ulbricht, collectively as assignees of
22

the right of P.M. Northwest, Inc., (collectively, "the Ulbrichts") agree that these actions should be consolidated but disagree that this action should be dismissed.  (*See* Resp. (Dkt. #14).)  The Ulbrichts instead ask for an order consolidating the lawsuits and assigning the Ulbrichts as plaintiffs in the consolidated action.  (*Id.* at 12.)

The court has considered the motion, the parties' submissions filed in support or and in opposition to the motion, the relevant portions of the records of both cases, and the applicable law.  Being fully advised, the court GRANTS in part and DENIES in part USF&G's motion.  Specifically, the court grants consolidation but declines to address the questions of dismissal and the alignment of the parties at this time.

## II.    BACKGROUND

This dispute arises out of the Ulbrichts' personal injury action in the Superior Court for King County, Washington, against 18 defendants, including P.M. Northwest, Inc. ("PM Northwest") filed on January 24, 2018 ("the underlying action").  (Mot. at 1; Resp. at 3.)  The underlying action alleged that Robert Ulbricht had contracted mesothelioma as a result of exposure to asbestos while working at an oil refinery in Anacortes, Washington.  (Mot. at 1; Resp. at 3.)  PM Northwest and the Ulbrichts resolved the underlying action in a settlement and covenant judgment.  (*See* Mot. at 4-5; Resp. at 5-6.)

At issue in both this action and the declaratory judgment action are five commercial general liability policies that the Ulbrichts allege USF&G issued to PM Northwest ("USF&G Policies").  (Compl. (Dkt. #1) ¶ 3.1; Case No. C20-0369JLR (Dkt. #1) ¶1.)  The parties prosecuted the parallel actions as follows:

1   On February 12, 2020, after the covenant judgment in the underlying action was

2   upheld on appeal as reasonable, the Ulbrichts sent USF&G a notice pursuant to the

3   Washington Insurance Fair Conduct Act ("IFCA"), RCW 48.30.015, demanding payment

4   of the judgment. (Mot. at 5; Resp. at 6.)

5   In response, on March 6, 2020, USF&G filed the declaratory judgment action

6   seeking declarations regarding the limits of liability for the USF&G policies, the

7   exhaustion of these limits, USF&G's lack of bad faith, and USF&G's compliance with

8   IFCA and the other Washington State insurance regulations and statutes.  (*See* Case No.

9   C20-0369JLR (Dkt. #1) ¶¶ 31-49.)

10   On April 23, 2020, the Ulbrichts filed the complaint initiating this action alleging,

11   among other things, that USF&G breached its contractual duty to defend and indemnify

12   PM Northwest, denied coverage in bad faith, and violated IFCA and the Washington

13   Consumer Protection Act ("CPA"), RCW 19.86.  (Compl. ¶¶ 4.1-8.1.)

14   On May 4, 2020, the Ulbrichts filed an answer in the declaratory judgment action,

15   followed by an amended answer on May 12, 2020.  (Case No. C20-0369JLR (Dkt.

16   ## 10-11).)  The Ulbrichts raised counterclaims in the declaratory judgment action that

17   are almost identical to the claims that the Ulbrichts raised in this action.  (Case No.

18   C20-0369JLR (Dkt. #11) ¶¶ 72-92); Resp. at 7 (describing the counterclaims as

19   "essentially the same claims as pled in [the Ulbrichts'] Complaint in this action").)

20   USF&G has yet to file an Answer in this action.  (*See generally* Dkt.)

21

22

ORDER - 3

1

### III.   ANALYSIS

2      Federal Rule of Civil Procedure 42(a) permits courts to consolidate actions "[i]f

3   actions before the court involve a common question of law or fact."  Fed. R. Civ. P.

4   42(a).  This rule affords courts "broad discretion" to consolidate cases pending in the

5   same district, either upon a motion by a party or *sua sponte*.  *In re Adams Apple, Inc*., 829

6   F.2d 1484, 1487 (9th Cir. 1987).  The court considers several factors in analyzing

7   consolidation, including judicial economy, whether consolidation would expedite

8   resolution of the case, whether separate cases may yield inconsistent results, and the

9   potential prejudice to a party opposing consolidation.  *See* 9 Charles Alan Wright &

10   Arthur R. Miller, *Federal Practice and Procedure: Civil* § 2383 (3rd ed. 2020).

11      Here, all the factors favor consolidation.  The cases involve identical parties and

12   overlapping questions of law and fact.  Consolidation will serve the interests of judicial

13   economy by eliminating the need to file separate motions in each case on the same issues.

14   Upon consolidation, the court will be able to address the issues contained in the two cases

15   in a more streamlined fashion.  Consolidation also reduces the risk of inconsistent results.

16   Finally, there is no sign of prejudice, as the parties agree that the cases should be

17   consolidated.  (*See* Resp. at 1.)

18      The parties, however, do not agree on the mechanics of this consolidation.

19   USF&G seeks to dismiss the Ulbrichts' claims raised in the complaint in this action and

20   have the Ulbrichts rely on their counterclaims in the declaratory judgment action.  (Mot.

21   at 7.)  The Ulbrichts, in turn, seek to be aligned as plaintiffs in the consolidated action, or

22

1    in the alternative seek an order assigning the order of proof at trial so that the Ulbrichts

2    proceed first.  (*See* Resp. at 12.)

3         The court finds it is premature to rule on either of these issues.  USF&G has filed a

4    "Motion to Consolidate and Dismiss," but neither party has meaningfully briefed the

5    issue of dismissal of any claims or counterclaims other than observing the similarities

6    between the two sets of claims.  The Ulbrichts are correct that the court's discretion

7    allows it to assign a logical order of proof based on where the burden of proof lies with

8    each party.  (*See id.* (citing Fed. R. Civ. P. 42; Fed. R. Evid. 611(a)).)  However, the court

9    declines to do so absent more thorough briefing from the parties on the claims that

10   remain as trial approaches.

11        For these reasons, the court ORDERS that cases C20-0617JLR and C20-0369JLR

12   cases are consolidated for all purposes, up to and including trial, under case number

13   C20-0369JLR.[1]  The case captions shall be combined, with the case heading of

14   C20-0369JLR proceeding first.  The parties shall no longer file any pleadings or other

15   documents in C20-0617JLR.

16                              **IV.   CONCLUSION**

17        Based on the foregoing analysis, the court GRANTS in part and DENIES in part

18   USF&G's motion (Dkt. # 11).  Specifically, USF&G's request to consolidate cases

19   C20-0617JLR and C20-0369JLR is GRANTED and USF&G's request to dismiss

20   C20-0617JLR is DENIED, without prejudice to considering the issue again as trial

21
         _____

22        [1] The court consolidates the cases under case number C20-0369 because that case was
     filed first and parties have filed a JSR and Stipulated Protective Order in that matter.

1    approaches.  The court ORDERS the parties to file all future pleadings and documents

2    under case number C20-0369JLR.

3        Dated this 21st day of September, 2020.

4

5

6        JAMES L. ROBART
         United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22